Davis            *D. Mace*, for the appellant.
v.
Huff.           *E. H. Brackett* and *A. M. Crane*, for the appellee.

---

### Davis *v.* Huff.

From an order of the board of county commissioners allowing a bond to be filed, under the statute of 1844, for the purpose of securing the privilege of a ferry across a stream to a ferry previously established, an appeal lies to the Circuit Court.

*Friday,*        ERROR to the *Tippecanoe* Circuit Court.
*December 4.*
Dewey, J.—At the *December* term, 1844, of the board of commissioners of *Tippecanoe* county, *Huff*, claiming to be the owner of land on the *Wabash* river, opposite a ferry which had been theretofore granted to *Davis*, tendered his bond with surety, in order to entitle himself to the privilege of a ferry from his land to the opposite shore at *Davis's* ferry. The commissioners received the bond, and ordered it to be filed. Within thirty days from the date of the order, *Davis*, by his guardian, upon filing the necessary affidavit of his interest in the matter, took an appeal to the Circuit Court. That Court, on the motion of *Huff*, dismissed the appeal, on the alleged ground that no appeal lay.

It is provided by statute that, in all cases where a ferry shall have been established in favour of a person owning or claiming land on one side of a river, or stream of water, it shall be lawful for the owner of the land on the opposite side, at any time, to give bond with surety to the board doing county business, in such manner as is required for the keeping of a ferry; to take possession of the ferry on his side of the stream; and possess the privileges of a ferry-keeper mutually with the keeper of the opposite ferry. Laws of 1844, p. 101.

To entitle a person to a right of ferry under this provision, three things are necessary; first, a ferry must have been previously established by the owner of the land on the side of the stream opposite to the proposed ferry; secondly, the

applicant for the new ferry must be the owner of the land on which he proposes to establish his ferry; and, thirdly, such applicant must file with the board of commissioners such a bond as is required in other cases of granting a ferry. Of all these matters it is necessary for the commissioners to judge; and in coming to a determination, we think they make a decision from which, under the general provisions of another statute, an appeal lies. R. S. 1843, p. 186.

Nov. Term, 1846.

The Circuit Court erred in dismissing the appeal.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Mace* and *A. M. Crane*, for the plaintiff.

*J. Pettit* and *S. A. Huff*, for the defendant.